**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK DAVID HANCE,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | 1:26-cv-67 |

## OPINION

In this social-security appeal, Plaintiff Patrick Hance challenges the Commissioner of the Social Security Administration's decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act. Mr. Hance provides three arguments in favor of remanding the Commissioner's decision. One argument being that the ALJ erred in her step-two analysis by finding that Mr. Hance's alleged chronic pain syndrome was not a medically determinable impairment. In response, the Commissioner argues that, at worst, the finding was harmless error.

On careful review, the Court agrees with Mr. Hance. The medical record contains many references to Mr. Hance's chronic pain syndrome. While this does not require the ALJ to find it a medically determinable impairment, the ALJ failed to explain, beyond vague references to a lack of evidence, why the diagnosis was unpersuasive. The lack of explanation prevents the Court from performing a meaningful review to determine whether substantial evidence supported the ALJ's determination. So the Court will remand.

## BACKGROUND

### I. Procedural background.

Mr. Hance seeks judicial review of the Commissioner's decision. Mr. Hance applied for social-security benefits on June 12, 2023, alleging disability beginning January 1, 2023. ECF 2-2, at 18. The application was initially denied on January 24, 2024, and again upon reconsideration on July 8, 2024. *Id.* Mr. Hance then requested a hearing, which occurred March 18, 2025. *Id.* After the hearing, Mr. Hance's claim was again denied on April 21, 2025. *Id.* at 15. After the Appeals Council denied Mr. Hance's request for review, the ALJ's decision became the final decision of the Commissioner. Mr. Hance's timely appeal of the final decision is now before the Court.

### II. ALJ's decision.

After a hearing on Mr. Hance's application, the ALJ made the following findings under the five-step sequential analysis:

1. "The claimant has not engaged in substantial gainful activity since June 12, 2023, the application date (20 CFR 416.971 *et seq.*)." [**STEP 1**].
2. "The claimant has the following severe impairments: lumbar degenerative disc disease (DDD), lumbosacral spondylosis without myelopathy or radiculopathy, cervical spondylosis and degenerative disc disease (DDD), major depressive disorder, and posttraumatic stress disorder (PTSD) (20 CFR 416.920(c))." [**STEP 2**].
3. "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." [**STEP 3**].
4. "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as

defined in 20 CFR 416.967(b) except he can occasionally stoop, kneel, crouch, and crawl, but he can never climb ladders, ropes, or scaffolds or work at unprotected heights. He should be permitted to walk for five minutes after 30 minutes of sitting. He can carry out simple tasks, without a production rate pace (such as an assembly line) and can adapt to occasional changes in a routine work setting. He requires a cane or walking stick to ambulate over uneven terrain and to walk for more than ten minutes. He will be off task for 10% of the time in an eight-hour workday, in addition to regular breaks." [**RFC**].

5. "The claimant has no past relevant work (20 CFR 416.965)." **[STEP 4]**.
6. "The claimant was born on March 27, 1987, and was 36 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963)."
7. "The claimant has at least a high school education (20 CFR 416.964)."
8. "Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968)."
9. "Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a)." **[STEP 5**].
10. "The claimant has not been under a disability, as defined in the Social Security Act, since June 12, 2023, the date the application was filed (20 CFR 416.920(g))."

ECF 2-2, at 20–30.

In assessing that Mr. Hance's chronic pain syndrome is not a medically determinable impairment, the ALJ found that there was no further testing of or decision on the diagnosis after the provisional diagnosis was provided. ECF 2-2, at

21. The ALJ determined that there was therefore no objective medical evidence to show that Mr. Hance suffers from chronic pain syndrome. ECF 2-2, at 21.

However, because the ALJ did find that Mr. Hance had several severe impairments, she proceeded past step two and formulated Mr. Hance's RFC. ECF 2-2, at 23. The ALJ factored in Mr. Hance's experience with low back pain, back pain up the spine, and that he managed pain symptoms with medication. ECF 2-2, at 24. Considering these symptoms and the medically determinable impairments, the ALJ found that Mr. Hance can perform light work, must be permitted to walk for five minutes after sitting for thirty minutes, can carry out simple tasks without a production pace, and will be off task ten percent of the time in an eight-hour workday in addition to regular breaks. ECF 2-2, at 23. Because there are jobs in the national economy that can accommodate a worker with those abilities, the ALJ determined that Mr. Hance is not disabled under section 1614(a)(3)(A) of the Social Security Act. ECF 2-2, at 29–30.

## DISCUSSION & ANALYSIS

### I. Legal framework.

Under the Social Security Act, an individual is eligible for Supplemental Security Income if (i) he is aged, blind, or disabled and (ii) his countable income and resources fall below certain statutory limits. 42 U.S.C. § 1382(a); *Kelley v. Comm'r of Soc. Sec.*, 566 F.3d 347, 349 (3d Cir. 2009). Disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be found disabled only if his physical or mental impairment is so severe that he cannot engage in any kind of substantial gainful work in the national economy, regardless of whether such work exists in the immediate area in which he lives, whether a specific job vacancy exists

for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

The ALJ must use a five-step sequential analysis to evaluate whether a claimant has met the requirements for disability.[1] Mr. Hance argues, in part, that the ALJ erred at step two by determining that Mr. Hance's alleged chronic pain syndrome was not a medically determinable impairment. ECF 5, at 9. The Commissioner contends that substantial evidence supports the ALJ's finding. ECF 6 at 3. The Commissioner further argues that even if the ALJ did err, it was harmless because she took Mr. Hance's pain symptoms into account for the RFC. ECF 6, at 3.

## II. Standard of review.

Judicial review of the Commissioner's final decision is provided by federal law. 42 U.S.C. § 405(g). The Court has plenary review of all legal issues and will "review the ALJ's findings of fact to determine whether they are supported by substantial evidence." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). "The substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial

[1] The five-step process requires the ALJ to assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., Pt. 404, Subpt. P, App'x 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003). If the claimant is determined to be unable to resume previous employment, the burden shifts to the SSA/Commissioner at Step 5 to prove that, given claimant's mental or physical limitations, age, education, and work experience, he is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

evidence. To determine whether a finding is supported by substantial evidence, we must review the record as a whole." *Id.* (internal citation omitted).

Substantial evidence is more than a "mere scintilla." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). That is, the ALJ's decision must be supported by "such relevant evidence as a reasonable mind might accept as adequate." *Id.* The Court is not permitted to weigh the evidence or substitute its own conclusions for those of the factfinder. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). The Court can't affirm a determination by substituting its own proper basis—even if it might have reached a different conclusion. *SEC v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947).

**III. The ALJ erred in her step-two finding.**

At step two, the ALJ must determine the severity of an impairment. 20 C.F.R. § 404.1520(a)(4)(ii). The impairment must be established by objective medical evidence; a diagnosis without underlying evidence is not enough. 20 C.F.R. § 404.1521. As long as the claimant has at least one severe impairment, the ALJ will continue with the entire five-step analysis.

Here, the ALJ explained that Mr. Hance's chronic pain syndrome diagnosis lacked further testing or decisions after the provisional diagnosis was provided, and thus lacked objective medical evidence. ECF 2-2, at 21. While the ALJ referenced the "provisional diagnoses" of chronic pain syndrome, the ALJ did not go into any further detail to explain why she found the diagnosis unpersuasive. ECF 2-2, at 21.

Indeed, despite the many references to the syndrome in the factual record, including from pain management treatment with a specialist, there was no discussion in the ALJ's opinion about why the diagnosis lacks probative value. *See* ECF 2-7, at 420–26; ECF 2-8, at 206–305; ECF 2-9, at 159–355.

Remand is warranted when an ALJ's lack of explanation prevents the Court from reviewing whether substantial evidence supports her determination. *See Hammond v. O'Malley*, 735 F. Supp. 3d 567, 579 (E.D. Pa. 2024) ("This failure to even acknowledge the existence of Plaintiff's medically diagnosed PTSD deprives the Court of the ability to satisfy itself that substantial evidence supports the ALJ's decision, necessitating remand."). The ALJ does not fulfill her mandate merely by referencing documents addressing the impairment. *Id.* Without addressing the diagnosis in greater detail, this Court cannot say that the ALJ's determination here was supported by substantial evidence. *See Susan W. v. Kijakazi*, No. 22-cv-5765, 2023 WL 6366043, at *6 (D.N.J. Sept. 29, 2023).

The Commissioner is correct that a diagnosis alone does not require that the ALJ find the impairment medically determinable. The ALJ may have had good reason to conclude the references to chronic pain syndrome in the record could be disregarded. But without a proper explanation, the Court cannot conclude substantial evidence supports the ALJ's determination.

**IV. The ALJ's error was harmful.**

Social-security appeals are subject to harmless-error analysis. *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). Under the harmless-error standard, remand is warranted only if there is "reason to believe that the remand might lead to a different result." *Timothy J.B. v. O'Malley*, 4:22-CV-1036, 2024 WL 968875, at *4 (M.D. Pa. Mar. 6, 2024) (quoting *Metzger v. Berryhill*, 3:16-CV-1929, 2017 WL 1483328, at *4 (M.D. Pa. Mar. 29, 2017)).

Here, the Commissioner argues that any error at step two was harmless because the ALJ proceeded through the entire evaluation after finding that Mr. Hance had other severe impairments. ECF 6, at 3–5. However, the cases cited by the Commissioner found harmless error when medically determinable impairments were assessed to be non-severe. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140,

145 n.2 (3d Cir. 2007) ("Because the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were ***non-severe***, any error was harmless." (emphasis added)); *Orr v. Comm'r Soc. Sec.*, 805 F. App'x. 85, 88 (3d Cir. 2020) ("He claims that the ALJ erred in determining that certain of his impairments were ***not severe***." (emphasis added)). Such errors are harmless because non-severe impairments are included in the RFC assessment. 20 C.F.R. § 416.945(2).

"However, the error is not harmless, where, as here, the ALJ has found an impairment not medically determinable. Unlike a non-severe impairment, a non-medically determinable impairment is *not* considered in assessing the claimant's RFC." *Negron v. Comm'n of Soc. Sec. Admin.*, No. 3:22-cv-955, 2023 WL 5943148, at *6 (M.D. Pa. Sept. 12, 2023); *see also Hartzell v. Colvin*, No. 3:15-cv-2441, 2017 WL 34701, at *2 (M.D. Pa. Jan. 3, 2017) ("Case law is clear that an ALJ's failure to find an impairment medically determinable at step two, or to support a finding that an impairment is not medically determinable, makes the ALJ's finding at subsequent steps of the sequential evaluation process defective and is cause for remand." (citation modified)).[2]

Even though the ALJ did consider some pain symptoms when assessing Mr. Hance's RFC, the ALJ had a "duty to consider all medically determinable impairments that a claimant is able to establish." *Negron*, 2023 WL 5943148, at *7. Since the record does not establish that the ALJ properly considered all impairments,

---

[2] Indeed, the ALJ said as much, making clear that her RFC was cabined to the impairments that she previously found were medically determinable. ECF 2-2, at 21 ("Despite being judged to be non-severe, they will be considered in evaluating the residual functional capacity of the claimant as the combined effect of both severe and non-severe impairments are to be considered as part of a thorough analysis of the capacity to work (20 CFR § 404.1523).").

the decision of the Commissioner shall be vacated, and the case remanded for further proceedings.

**V. The Court declines to address Mr. Hance's remaining arguments.**

Because the Court has remanded due to an error at step two, the Court declines to address Mr. Hance's arguments concerning the RFC and the testimony of the vocational expert. "A remand may produce different results on these claims, making discussion of them moot." *LaSalle v. Comm'r of Soc. Sec.*, No. 10-1096, 2011 WL 1456166, at *7 (W.D. Pa. Apr. 14, 2011) (Ambrose, J.).

## CONCLUSION

For the foregoing reasons, the Court **HEREBY REMANDS** this case to the Commissioner for further proceedings, consistent with this opinion. The Clerk of Court shall **CLOSE** this case.

DATED this 23rd day of October, 2026.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge